MEMORANDUM **
Donna M. Boers appeals pro se from the Bankruptcy Appellate Panel’s (“BAP”) judgment affirming the bankruptcy court’s order sua sponte dismissing without prejudice her Chapter 11 petition because she failed to effectuate a confirmable plan of reorganization. We have jurisdiction under 28 U.S.C. § 158. “This court reviews decisions of the BAP de novo, and thus reviews the bankruptcy court’s decisions under the same standards used by the BAP.” Arrow Elecs., Inc. v. Justus (In re Kaypro), 218 F.3d 1070, 1073 (9th Cir. 2000). We affirm.
Boers’s Chapter 11 petition was properly dismissed because she failed to effectuate a confirmable plan of reorganization, which is an enumerated basis for dismissal under 11 U.S.C. § 1112(b)(2). Boers’s contention that she was not required to file a confirmable plan because she was unsure of the status of an alleged foreclosure on her real property is without merit.
Because Boers failed to present any legal or factual basis for the motion for reconsideration, the bankruptcy court did not abuse its discretion in denying the motion. See Fed. R. Bankr.P. 9023; Fed. R.Civ.P. 59(e).
The record does not support Boers’s contention that the United States Trustee and Bankruptcy Judge Curley engaged in ex parte communications.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.